UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01353-SVW-PLA | Date | May 4, 2023 |
| Title | *Mayra Martinez v. Melton Truck Lines, Inc. et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]

Before the Court is a motion to remand by Plaintiff Mayra Martinez ("Plaintiff"). ECF No. 9. Plaintiff's motion is DENIED.

Plaintiff's only challenge to Defendant's removal is that removal was untimely. Specifically, Plaintiff contends that removal was beyond the 30-day procedural requirement, because Plaintiff e-mailed her complaint to Defendant and its representatives multiple times beginning on July 15, 2022. These instances include:

- July 15, 2022: Plaintiff emailed her complaint to Defendant's Associate General Counsel and Director of Safety.
- July 22, 2022: Plaintiff emailed another copy of her complaint to outside defense counsel retained to represent Defendant at defense counsel's request.
- September 6, 2022: Plaintiff emailed a copy of her complaint to defense counsel again.
- November 22, 2022: Plaintiff again emailed the complaint to defense counsel.
- January 27, 2023: Plaintiff emailed the complaint to defense counsel with a notice of acknowledgement.

Motion, ECF No. 9, at 3-4. Furthermore, the case was removed on February 22, 2023. ECF No. 1. Thus, according to Plaintiff, Defendant's removal was procedurally untimely.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-01353-SVW-PLA | Date | |
|---|---|---|---|
| Title | *Mayra Martinez v. Melton Truck Lines, Inc. et al* | | |

However, Defendant points out that they were only formally served on February 8, 2023, when Defendant signed the notice of acknowledgement sent on January 27, 2023. Opposition ("Opp."), ECF No. 10, at 1; Declaration of Jennifer Yencarelli ("Yancarelli Decl.") at ¶ 9. And each prior email of the complaint and summons did not constitute formal service, because Defendant's registered agent for service of process was not included in these emails.[1] Opp. at 8.

"The U.S. Supreme Court has determined that *formal service* is necessary to trigger the 30-day time-limit." *Gonzalez v. Lightcap*, No. LA18CV01236VAPSHKX, 2018 WL 3753019, at *2-3 (C.D. Cal. Aug. 7, 2018)(emphasis added); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Furthermore, "[o]nce service is challenged, plaintiffs bear the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Plaintiff has not provided any response to Defendant's arguments. In fact, Plaintiff has not even filed a reply to their own motion. *See generally* Dkt. Thus, Plaintiff has failed to meet their burden to establish that their e-mails prior to January 27, 2023, constituted formal service to Defendant. Accordingly, Defendant's removal was procedurally proper, since it was within 30 days of formal service, and Plaintiff's motion is DENIED.

Turning to Defendant's motion for sanctions request, the Court declines to impose sanctions at this juncture.

**IT IS SO ORDERED.**

---

[1] Furthermore, Defendant highlights the fact that each request for a copy of a complaint, specifically included a disclaimer that the request was not to be treated as acceptance of service or a waiver of service or process. Opp. at 2; *see* ECF No. 9-5 at 2-3.

Initials of Preparer   :

PMC